· · **John TUERS and Vernest Warner III, Plaintiffs,**

**v.**

**Marvin T. RUNYON, Postmaster General, United States Postal Service, Defendant.**

**No. CIV–S–96–1015 DFL GGH.**

United States District Court, E.D. California.

Nov. 21, 1996.

Elaine W. Wallace, Oakland, CA, for Plaintiffs.

Scott H. Park, Assistant U.S. Attorney, Sacramento, CA, for Defendant.

### *MEMORANDUM OF OPINION AND ORDER*

LEVI, District Judge.

Plaintiffs Tuers and Warner (hereafter "Tuers") filed separate EEO complaints against their employer, defendant Postal Service, alleging disability discrimination. The EEOC consolidated their cases and found that the Postal Service had discriminated against Tuers on the basis of disability. The Final Agency Decision, however, refused to

---

award compensatory damages. Tuers filed this case requesting compensatory and punitive damages pursuant to 42 U.S.C. § 1981a. The Postal Service has moved to strike Tuers' claim for punitive damages.

Tuers bring this action under the Rehabilitation Act of 1973. The Rehabilitation Act only applies to the federal government. The United States Postal Service is specifically covered by the Act as part of the executive branch of government: "Each department, agency, and instrumentality (including the United States Postal Service and the Postal Rate Commission) in the executive branch shall ... submit ... an affirmative action program." 29 U.S.C. § 791(b).

The damages remedy for violations of the Rehabilitation Act are now set out at 42 U.S.C. §§ 1981a(a)(2) & (b)(1). Section 1981a(a)(2) provides that:

> In an action brought by a complaining party ... against a respondent who engaged in unlawful intentional discrimination ... under section 791 of Title 29 and the regulations implementing section 791 of Title 29 ... the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section ...

Subsection (b)(1) defines the punitive damages remedy and excludes government entities from punitive damages:

> A complaining party may recover punitive damages under this section against a respondent *(other than a government, government agency or political subdivision)* if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981a(b)(1) (emphasis added). The term "respondent" is defined at 42 U.S.C. § 2000e to include any "Federal entity subject to 2000e–16 of this title." Section 2000e–16 specifically includes the United States Postal Service among the list of covered governmental departments and agencies.

Thus, the question presented by the motion to strike is whether the Postal Service is included within the punitive damages exclusion as a "government agency." The court concludes that it is for the simple reason that the Postal Service's very liability arises from the fact that it is consistently treated as part of the federal government in the relevant code sections. Were it not considered part of the executive branch, the Postal Service would not be covered by the Rehabilitation Act, and Tuers would have no claim against it under 29 U.S.C. § 791. Were it not a "respondent," and thus a "Federal entity," Tuers would have no claim against it for damages under 42 U.S.C. § 1981a(a)(2). Both "Federal entity" and "government agency" are broad terms, suggesting that Congress did not intend for them to be exclusive of each other. In short, if the Postal Service is liable as a "Federal entity" and as part of the executive branch, it is also shielded from punitive damages as a "government agency."

Tuers relies upon *Loeffler v. Frank,* 486 U.S. 549, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988), in support of his position that the Postal Service is subject to claims for punitive damages.[1] In *Loeffler,* the Supreme Court held that the Postal Service is not immune from prejudgment interest awards in Title VII suits because by adding the sue-and-be-sued clause in the Postal Reorganization Act, 39 U.S.C. § 401(1), Congress waived the Postal Services' sovereign immunity. *Loeffler,* however, is easily distinguished from this case. First, the immunity claimed by the Postal Service was not expressly conferred by any statutory language. No statutory provision limits prejudgment

---

1. Tuers also relies on *Baker v. Runyon,* 922 F.Supp. 1296 (N.D.Ill.1996), which holds that the Postal Service is subject to punitive damages pursuant to § 1981a. The opinion is not persuasive because it relies heavily on statutory language drawn from other statutes that do not address the Postal Service's liability under the Rehabilitation Act and because it relies on policy considerations whereas the issue presented is a fairly straightforward exercise in statutory interpretation. Undoubtedly one could make a persuasive argument that the Postal Service should be exposed to punitive damages if private mail delivery companies are. If Congress had intended such a result, however, it would have said so.

interest awards in Title VII suits. The Court refused to imply such a limitation. *Id.* at 562, 108 S.Ct. at 1973. In this case, Congress has placed an express limitation on its waiver of the Postal Service's sovereign immunity. Section 1981a(b)(1) provides that government agencies are excluded from the group of respondents against whom punitive damages are recoverable. Second, prejudgment interest awards are an "ordinary incident" of litigation. *Id.* at 555, 108 S.Ct. at 1969. Punitive damages, by contrast, are an extraordinary remedy. *E.g., Hotel and Restaurant Employees and Bartenders Int'l Union, AFL–CIO v. Michelson's Food Services,* 545 F.2d 1248, 1254 (9th Cir.1976). It cannot readily be inferred from the "sue and be sued" clause that Congress intended to subject the Postal Service to punitive damages, when the Postal Service's very liability arises from its inclusion in the executive branch.

Accordingly, the motion to strike Tuers' claim for punitive damages against the Postal Service is GRANTED.

IT IS SO ORDERED.